ABBOTT *versus* KNOWLTON.

To an order of *respondeat ouster*, in the District Court, upon a plea in abatement, exceptions cannot be taken, until further proceedings shall have been had to prepare the case for its final disposal in that court.

Exceptions, so taken, will be dismissed in this court.

The act, conferring upon the justices of the town courts in the county of Waldo, *original* jurisdiction of all civil suits, where the debt or other matter in demand does not exceed fifty dollars, and *concurrent* jurisdiction with the District Court in suits from fifty to one hundred dollars, did not impair or diminish any of the existing powers of the District Court.

After that act, as well as before, the District Court had *original* jurisdiction of all civil suits, wherein the sum in demand was between twenty and two hundred dollars.

EXCEPTIONS, from the District Court, RICE, J.

This was an action of the case, brought to the District Court, wherein the sum demanded was over twenty but did not exceed fifty dollars. The defendant filed a plea in abatement, alleging that the parties were resident, one in Belfast, and the other in Liberty, in the county of Waldo, and that the District Court had no jurisdiction of the suit, but that the jurisdiction pertained to some justice of trials for one of said towns. To that plea there was no demurrer or replication.

The Judge being of opinion that the action was within the jurisdiction of the District Court, ordered the defendant to answer over. To that opinion and order, the defendant excepted.

*J. W. Knowlton*, for defendant.

*H. O. Alden*, for plaintiff.

WELLS, J. — The defendant filed a plea in abatement, to the jurisdiction of the District Court, to which there was neither replication nor demurrer. But the court ordered the defendant to answer over, and to this order, exceptions were filed.

Such order of the Judge was not a final disposition of the action. The defendant should have obeyed the order. A verdict might have been rendered in his favor, superseding the

Abbott v. Knowlton.

necessity of any exceptions to preserve his rights. If a verdict had been rendered against him, he could then have excepted to the order. The proceeding was interlocutory, like the admission or rejection of testimony, which is no cause for suspending the trial, but it is to proceed till a verdict is rendered, or some order is made effecting a final disposition of it.

The exceptions were not therefore taken in accordance with R. S. chap. 97, § 18, and must be dismissed, as irregularly before us.

But as the question, raised and argued by the parties, is one of considerable practical importance in the county of Waldo, where the law establishing town courts, has been accepted, we have concluded to express an opinion upon it.

By chap. 116, § 1, R. S., justices of the peace have original and exclusive jurisdiction of all civil actions, wherein the debt or damages demanded do not exceed twenty dollars, with certain exceptions, not necessary to be named.

By chap. 97, § 6, R. S., the District Court has original and exclusive jurisdiction of all civil actions where the debt or damages demanded, does not exceed two hundred dollars : excepting actions, in which municipal or police courts, or justices of the peace have original jurisdiction, &c.

The act of March 22, 1844, gives to a justice of a town court all the powers of a justice of the peace, and original jurisdiction of all suits of a civil nature, where the debt or demand does not exceed twenty dollars, and concurrent jurisdiction with the District Courts in suits from twenty to one hundred dollars. If no further provision had been made by this act, the jurisdiction of justices of the peace would not have been taken away. Both justices of the town courts and justices of the peace, would have had original jurisdiction of cases where the damages demanded did not exceed twenty dollars. Actions of that class could have been originated before either tribunal, at the election of those, who should commence them.

The phrase, original jurisdiction, does not mean exclusive jurisdiction ; two or more courts may have original jurisdic-

tion of the same actions. A court of original jurisdiction is that, in which an action has its first source or existence, and which does not take jurisdiction of it by appeal. But instead of saying that justices of the town courts should have jurisdiction exclusive of justices of the peace, that object is effected by the thirtieth section of the same act, which prohibits the latter from exercising any jurisdiction in the trial of civil causes, and thus in the most explicit terms, transfers the whole of it to the justices of the town courts. The first section further provides that the town court shall have "concurrent jurisdiction with the district courts in suits from twenty to one hundred dollars," &c.

This concurrent jurisdiction was also original, so that both the district and the town courts had by this act, and by chap. 97, § 6, original jurisdiction in all cases between twenty and one hundred dollars; and the District Court, exclusive jurisdiction to a larger extent.

The act of August 10, 1846, amendatory of the act establishing town courts, in the first section, provides, "that the first section of the act to which this is additional is hereby so amended as to give the justices appointed in pursuance of said act, original jurisdiction of all suits of a civil nature, where the debt or other matter in demand, does not exceed fifty dollars; and concurrent jurisdiction with the District Courts, in suits from fifty to one hundred dollars, &c.

This act does not give any new jurisdiction to the town courts, or take away any from the District Courts. It is a mere affirmance of the jurisdiction then belonging to the two courts. To say that the town court shall have original jurisdiction, to the extent of fifty dollars, and concurrent, to the extent of one hundred dollars, is the same thing as if original jurisdiction was given to it, to the extent of one hundred dollars, that of the District Court, already existing, not being excluded. For where two courts have the same jurisdiction, not appellate, it is both original and concurrent. And a new enactment, giving to either, original or concurrent jurisdiction, within the limits previously possessed, adds no new power.

Suppose, that after the law establishing town courts, when the two courts had concurrent and original jurisdiction from twenty to one hundred dollars, a subsequent act had given to the District Courts original jurisdiction to the same extent, or concurrent to the amount of fifty dollars, and original to the amount of one hundred dollars. Would those provisions have taken away or altered the jurisdiction of the town courts? It is very evident they would not, because no new power would be given to the District Courts, and none taken from the town courts.

The act of 1846, does not change the jurisdiction, previously existing, of either courts. But it is manifest, that the Legislature did intend to make a change in the law, and equally manifest that the contemplated change was not perfected. By omitting to use the phrase exclusive jurisdiction, it may be inferred, that the intention was, to have added a prohibition against the exercise of jurisdiction, by the District Courts, in those cases where the damages demanded, were over twenty and under fifty dollars, but that it was omitted by inadvertence. This conclusion is strengthened by the fact, of the passage of the thirtieth section of the act of 1844, which denied to justices of the peace the exercise of jurisdiction, with which the town courts were clothed. But there is no such denial to the District Courts in the act of 1846.

Because the act of 1846 professes to amend that of 1844, in certain respects, but does not do it, it is not within the province of this court to make the amendment. Such proceeding would be an act of legislation.

*Exceptions dismissed.*

NOTE. — HOWARD, J. took no part in this decision.